IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-13-1365-D |
| ) | |
| TERRY MARTIN, Warden, ) | |
| ) | |
| Respondent. ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636 (b)(1)(B)-(C). Judge Erwin recommends that Respondent's Motion to Dismiss be granted and the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus be dismissed for lack of jurisdiction. Accordingly, Judge Erwin recommends that various motions filed by Petitioner be denied.

Petitioner, a state prisoner appearing *pro se*, has filed a timely written objection and a motion to amend his petition. However, Petitioner's Objection consists of a single sentence: "Petitioner simultaneously herewith has submitted a Motion for Leave to File an Amended Habeas Corpus Petition, pursuant to Rule 15(a), Fed.R.Civ.P., to cure the jurisdictional defect in petitioner's original habeas corpus petition . . . ." *See* Petr's Objection [Doc. No. 19]. Based on his new filing, Petitioner asserts that the action should not be dismissed, but should be allowed to proceed. *See id.*

The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court finds that Petitioner's Objection fails to identify any error in Judge Erwin's analysis and presents no issue for decision. Accordingly,

Petitioner has waived further review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Therefore, the Court adopts the Report and Recommendation in its entirety, and addresses only Petitioner's request to file an amended petition to cure the deficiency found by Judge Erwin.

Petitioner is attempting to pursue a successive § 2254 petition regarding a 1990 conviction of second degree murder for killing an off-duty police officer. The Tenth Circuit authorized the filing based on new allegations that a key witness – Petitioner's cousin, Glenn Briggs – recently recanted his trial testimony and now states he falsely identified Petitioner as the shooter. While Petitioner's application to the Tenth Circuit presented "a close question whether Mr. Parker has made a prima facie showing of constitutional error," the court of appeals found "Mr. Parker's allegations suffice to warrant fuller exploration by the district court." *In re Parker*, No. 13-6254, Order at 2 (10th Cir. Dec. 5, 2013) (filed of record in this district, *Parker v. Champion*, Case No. CIV-96-335-T [Doc. No. 47] (W.D. Okla. Dec. 5, 2013)). The Tenth Circuit specified that "'it is for the district court, under § 2244(b)(4), to confirm that the petition does, in fact, satisfy the requirements of § 2244(b) when it hears the case (and to summarily dismiss if the requirements are not met).'" *See id.* at 2-3 (quoting *Ochoa v. Sirmons*, 485 F.3d 538, 543 (10th Cir. 2007)).

Petitioner commenced this action by filing his authorized Petition on December 30, 2013. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Erwin issued an order for a response, and Respondent moved to dismiss for lack of jurisdiction, arguing that the Petition fails to satisfy the requirements of § 2244(b)(2)(B) and is barred by § 2244(b)(4). Judge Erwin conducted a careful review of the allegations of the Petition, and concluded that Petitioner has failed to satisfy § 2244(b)(2)(B)(ii), which requires that any newly discovered evidence be tied to a claimed

2

constitutional violation. *See Case v. Hatch*, 731 F.3d 1015, 1032 (10th Cir. 2013) ("subparagraph (B)(ii) requires the applicant to identify a constitutional violation and show that he would not have been found guilty 'but for' the violation"). Judge Erwin found Petitioner's "allegations [are] insufficient to link Briggs' recent recantation to a constitutional violation" and "there is nothing supporting any claim that the prosecutor knowingly offered perjured testimony." *See* Report & Recom. [Doc. No. 17] at 14-15.

The Court has examined the amended petition that Petitioner seeks to file. *See* Motion for Leave of Court to File an Amended Habeas Corpus Petition, attach. 1 [Doc. No. 20-1] (hereafter, "Amended Petition"). The proposed pleading would add a constitutional claim: "The prosecutor's knowing use of perjured testimony violated petitioner's due process rights." *Id*. at 3. The pleading would also add a detailed account of facts regarding the murder, the police investigation, and forensic evidence. New attachments include Briggs' declaration dated May 13, 2013 (which was not previously submitted by Petitioner) and an affidavit of Petitioner dated February 26, 2014 (which was previously submitted in response to the motion to dismiss). *See* Petr's Resp. Br. [Doc. No. 15], Ex. A. Briggs' declaration restates a version of events he originally told police investigators, that a man known to him only as "Thaddeus" shot the victim. Petitioner's affidavit states that he was not involved in the murder, did not know a gun he was hiding was the victim's service weapon, and was not attempting to hide in the crawl space under his parents' house when officers came to arrest him.

Despite these changes, the Court finds that Petitioner's amended pleading remains insufficient to satisfy § 2244(b)(2)(B)(ii). In order to establish a due process violation, Petitioner "must show that (1) [the witness's] testimony was in fact false, (2) the prosecution knew it to be

3

false, and (3) the testimony was material." *See United States v. Caballero*, 277 F.3d 1235, 1243-44 (10th Cir. 2002). Notwithstanding Petitioner's new allegations, he lacks any credible facts to establish the second element of a due process claim, that is, the prosecutor knew Briggs' identification of Petitioner as the shooter was false.

Many of Petitioner's factual allegations reflect the same arguments he made in opposition to Respondent's Motion to Dismiss, which were rejected by Judge Erwin. Petitioner alleges that inconsistencies in the evidence, deficiencies in the investigation, and a purportedly unfounded murder charge against Briggs (to coerce him to identify a shooter and testify against Petitioner) show that "[o]bviously, the prosecutor knew Petitioner was framed, because he allowed it to happen." *See* Amended Petition at 7. For the reasons explained by Judge Erwin, these allegations are insufficient to establish that the prosecutor knowingly used perjured testimony. *See* Report & Recom. [Doc. No. 17] at 14-16.

Notably, Petitioner makes additional allegations regarding Briggs' recantation that are not supported by Briggs' declaration, which contains no explanation regarding the victim's gun. Petitioner also makes fanciful allegations regarding the prosecutor's thought processes. *See* Amended Petition at 7 ("The prosecutor reasoned that if Briggs wants to testify that petitioner murdered Ward, 'I'll prosecute him.'"). These allegations are inconsistent with the trial evidence. In fact, during prior attempts by Petitioner to obtain relief from his 1990 conviction, the court of appeals described the case against Petitioner as "strong," even without Briggs' testimony. *See In re Parker*, No. 08-6089, Order at 6 (10th Cir. May 21, 2008) (filed of record in this district, *Parker v. Champion*, Case No. CIV-96-335-T [Doc. No. 41] (W.D. Okla. May 23, 2008)). Through other evidence presented by the prosecutor, "'jurors heard eye witnesses link Mr. Parker to the scene and

4

identify Mr. Parker as having the same physical characteristics as the murderer; . . . they heard police testify to finding Mr. Parker hiding in a crawl space next to a box that contained the murder weapon, and they heard testimony that Mr. Parker's fingerprints were found on that box.'" *Id*. (quoting *Parker v. Sirmons*, 237 F. App'x 334, 336-37 (10th Cir. 2007)). In short, while Briggs changed his story several times, and initially told the version now presented in his declaration, the only story consistent with the physical evidence was the version presented at trial – that Petitioner was Briggs' accomplice on the night of the murder, shot the officer, and took the officer's gun.

In summary, Petitioner's conclusory allegations that the prosecutor knowingly presented false testimony are factually unsupported. Therefore, the Court finds that permitting Petitioner to amend his Petition would be futile and would not cure the jurisdictional deficiency. Petitioner cannot "pass through the second jurisdictional gate" erected by § 2244(b) (*see Case*, 731 F.3d at 1030); and therefore, his successive petition must be dismissed pursuant to § 2244(b)(4).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED. Respondent's Motion to Dismiss Second or Successive Habeas Petition [Doc. No. 8] is GRANTED, and the Petition [Doc. No. 1] is DISMISSED for lack of jurisdiction. Judgment shall be entered accordingly. All other pending motions [Doc. Nos. 11, 12, 14, 16, 20 and 21] are DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 8th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE