IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-13-1365-D |
| TERRY MARTIN, Warden, | ) ) ) |
| Respondent. | ) ) |

# **O R D E R**

Before the Court is Petitioner's Motion to Alter or Amend Judgment and/or to Reconsider the Court's Order of May 8, 2014, Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Doc. No. 25]. Petitioner, who appears *pro se*, seeks relief from the May 8 Order [Doc. No. 23] adopting the magistrate judge's Report and Recommendation and granting Respondent's Motion to Dismiss Second or Successive Habeas Petition. On the same date, the Court entered a judgment dismissing the Petition for lack of jurisdiction. Petitioner challenges only the Court's determination that amendment of his Petition would have been futile.[1]

Because the Motion was timely filed and challenges the merits of the Court's decision, the Motion is governed by Rule 59(e).[2] The grounds for granting relief from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d

---

[1] As a *pro se* litigant, Petitioner is entitled to liberal construction of his Motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The court of appeals has instructed: "District courts should evaluate postjudgment motions filed within [the time period permitted by Rule 59] based on the reasons expressed by the movant . . . ." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) ("[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits.").

1309, 1324 (10th Cir. 1997). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Although Petitioner acknowledges this standard, he fails to satisfy it. Petitioner incorrectly states that the Court misapprehended the facts, and he contends the Court improperly assessed the sufficiency of his allegations without reviewing the trial evidence. However, the evidence presented during Petitioner's trial and facts regarding the investigation have been the subject of numerous federal court proceedings. The Court did not need to review "the actual trial testimony," as argued by Petitioner (*see* Motion at 3), to reject as factually unsupported his conclusory allegations that the prosecutor knew Glenn Briggs' identification of Petitioner as the shooter was false.

Upon consideration, the Court finds that Petitioner simply repeats previous arguments and seeks reconsideration of matters previously decided. Petitioner fails to persuade the Court of any mistake in its prior determination that the Petition, even if amended, is insufficient to satisfy § 2244(b)(2)(B)(ii) and is barred by § 2244(b)(4). The Court therefore finds insufficient reason to revisit its May 8 Order.

IT IS THEREFORE ORDERED that Petitioner's Motion to Alter or Amend Judgment [Doc. No. 25] is DENIED.

IT IS SO ORDERED this 20th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE