IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-13-1365-D |
| | ) |
| TERRY MARTIN, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Before the Court is Petitioner's Motion to Vacate Judgment as Void [Doc. No. 48]. Petitioner, who appears *pro se*, seeks relief under Fed. R. Civ. P. 60(b)(4) from the Order and Judgment of May 8, 2014 [Doc. Nos. 23 and 24] dismissing for lack of jurisdiction his second or successive habeas petition under 28 U.S.C. § 2254.[1]  Petitioner asserts that the judgment is void because "this Court acted in a manner inconsistent with due process by concluding that petitioner's allegations [in support of his successive § 2254 claim] are factually unsupported."  *See* Mot. at 2.[2]

Although Petitioner invokes Rule 60(b)(4), the Court must first determine whether it is a "true" Rule 60(b) motion or an attempt to file a successive § 2254 petition.  *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).  Upon consideration, the Court

---

[1] As a *pro se* litigant, Petitioner is entitled to liberal construction of his Motion.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] On appeal, the Tenth Circuit reached the same conclusion regarding the insufficiency of Petitioner's claim, found the petition was correctly dismissed, denied a certificate of appealability, and dismissed the appeal.  *See Parker v. Martin*, 589 F. App'x 866, 868-69, 870 (10th Cir. 2014) (unpublished).

finds that the Motion facially alleges a defect in the prior proceeding but actually attacks the merits determination regarding his petition. Thus, it is not a true Rule 60(b) motion. *See id*. at 1226 (reasserting claim under guise of attacking "the district court's ruling that the claim could not be considered, is itself in reality a second attempt to assert a successive habeas claim"). "[A] purported Rule 60(b) motion that 'in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction' is actually a second or successive habeas petition . . . ." *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (quoting *Spitznas*, 464 F.3d at 1215).

Because Petitioner's Motion does not assert a "true" Rule 60(b)(4) claim, and because Petitioner has not obtained the court of appeals' authorization to file another § 2254 petition, this Court lacks jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3). Under the circumstances, where the court of appeals has already considered and rejected Petitioner's claim, the Court finds that the Motion should be dismissed rather than transferred to the court of appeals. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).[3]

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate Judgment as Void [Doc. No. 48] is **DISMISSED**.

**IT IS SO ORDERED** this 28th day of April, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Alternatively, if the Motion could be considered a true Rule 60(b)(4), the Court would find that it lacks merit and should be denied.