IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-13-1365-D |
| | ) |
| TERRY MARTIN, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Before the Court is Petitioner's *pro se* Motion for Reconsideration [Doc. No. 61], filed pursuant to Fed. R. Civ. P. 59(e). Petitioner seeks relief from the Order of July 12, 2022 [Doc. No. 60], denying his motion to be released on bail during his appeal from the Order of May 9, 2022 [Doc. No. 51]. Petitioner contends the Court overlooked that his appeal challenges a determination that his Rule 60(b) motion was an unauthorized second or successive § 2254 petition and, because the Court effectively denied him habeas corpus relief, a motion for release from custody under Fed. R. App. P. 23(b)(3) is proper.[1]

As Petitioner well knows, because he routinely files a Rule 59(e) motion after each adverse order, the grounds for relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion "is appropriate where the court has

---

[1] As a *pro se* litigant, Petitioner is entitled to liberal construction of his Motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citations omitted).

Upon consideration, the Court finds no basis for relief from the Order denying Petitioner's request for release from custody during his appeal. To obtain release pending appeal, a petitioner must show a substantial likelihood he will prevail on appeal or the existence of exceptional circumstances. *See United States v. Akers*, 851 F. App'x 135, 136 (10th Cir. 2021) (unpublished) (quoting *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994)); *see also Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (release pending habeas decision). Petitioner has made no such showing.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration [Doc. No. 61] is **DENIED**.

**IT IS SO ORDERED** this 28th day of July, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge