# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-13-1365-D |
| | ) |
| TERRY MARTIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## **O R D E R**

This matter comes before the Court on Petitioner's Request for Certificate of Appealability [Doc. No. 73] and Application for Leave to Proceed In Forma Pauperis [Doc. No. 74]. These filings concern Petitioner's appeal from the Order of February 15, 2023, which denied a motion under Fed. R. Civ. P. 60(b)(3) and (d)(3) for relief from the Order and Judgment of May 8, 2014. *See* Notice of Appeal [Doc. No. 72].

To obtain a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A), Petitioner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a habeas proceeding is dismissed on procedural grounds without reaching the merits of a prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Assuming Petitioner needs a COA to appeal the February 15 Order, the Court finds upon consideration of Petitioner's *pro se* filings (which are liberally construed) and the case record that Petitioner has not made the requisite showing and thus his request for a COA must be denied.

To proceed *in forma pauperis* on appeal under 28 U.S.C. § 1915, Petitioner must show both that the appeal is taken in good faith and that he is unable to pay the required fees. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); 28 U.S.C. § 1915(a)(1) & (3). A good faith appeal requires "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *McIntosh*, 115 F.3d at 812. Upon consideration, the Court finds that Petitioner lacks the financial resources to pay the appellate filing fee but that the appeal is not taken in good faith. In the February 15 Order, the Court found that Petitioner's motion for relief from the 2014 judgment due to "fraud on the court" was untimely and lacked merit. The Court finds that Petitioner has not presented a nonfrivolous argument for an appeal of these rulings and thus he is not entitled to proceed on appeal without prepayment of the filing fees.

**IT IS THEREFORE ORDERED** that Petitioner's Request for Certificate of Appealability [Doc. No. 73] and Application for Leave to Proceed In Forma Pauperis [Doc.

No. 74] are **DENIED**.   Petitioner is directed to pay the $505.00 appellate filing fee to the Clerk of this Court within 30 days from the date of this Order.

**IT IS SO ORDERED** this 14th day of March, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge